**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 09-7862

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JESSIE YARBOROUGH,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Anderson.  G. Ross Anderson, Jr., Senior District Judge. (8:05-cr-00809-GRA-2)

Submitted:  May 20, 2010                    Decided:  May 25, 2010

Before WILKINSON, NIEMEYER, and DAVIS, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Jessie Yarborough, Appellant Pro Se.  William Jacob Watkins, Jr., OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jessie Yarborough seeks to appeal the district court's order denying relief on his 28 U.S.C.A. § 2255 (West Supp. 2009) motion. We dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed.[1]

When the United States or its officer or agency is a party, the notice of appeal must be filed no more than sixty days after the entry of the district court's final judgment or order, Fed. R. App. P. 4(a)(1)(B), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5), or reopens the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." Bowles v. Russell, 551 U.S. 205, 214 (2007).

The district court's order was entered on the docket on May 6, 2008, and the court's orders denying reconsideration were entered on June 12, 2008, and January 7, 2009. The notice of appeal was filed on September 24, 2009.[2] Because Yarborough

---

[1] This court previously denied a certificate of appealability and dismissed Yarborough's appeal of the district court's order denying reconsideration of the denial of his § 2255 motion. United States v. Yarborough, 330 F. App'x 45 (4th Cir. 2009) (No. 09-6236).

[2] For the purpose of this appeal, we assume that the date appearing on the notice of appeal is the earliest date it could have been properly delivered to prison officials for mailing to
(Continued)

failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we dismiss the appeal. We deny Yarborough's motions to place the case in abeyance and for a certificate of appealability. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED

---

the court. Fed. R. App. P. 4(c); <u>Houston v. Lack</u>, 487 U.S. 266 (1988).